# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. A. EHRLICH, Minor.

UNPUBLISHED
September 13, 2018

No. 342034
Wayne Circuit Court
Family Division
LC No. 16-521921-NA

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child, AAE, pursuant to MCL 712A.19b(3)(a)(*ii*) (parent has deserted child for more than 91 days), MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist), MCL 712A.19b(3)(g) (failure to provide proper care or custody for the minor child), MCL 712A.19b(3)(j) (reasonable likelihood that the child will be harmed if returned to the home of the parent), and MCL 712A.19b(3)(k)(*i*) (parent abused the minor child and the abuse included abandonment).[1] We affirm.

On February 5, 2016, the Department of Health and Human Services (the DHHS) filed a petition requesting the trial court take temporary jurisdiction of AAE after respondent gave birth to another child that tested positive for cocaine, opiates, and marijuana on November 27, 2015.[2] An adjudication hearing was held on March 22, 2016, at which AAE became a temporary court ward and respondent agreed to comply with substance abuse services, weekly random drug screens, alcoholics anonymous (AA) and narcotics anonymous (NA) meetings, mental health treatment, and individual therapy. Respondent spent a portion of the following year incarcerated, and after her release on September 30, 2016, petitioner began raising issues with respondent's compliance with the treatment plan. By March 28, 2017, petitioner contended that respondent

---

[1] The minor child's father was also a respondent in this matter, and had his parental rights terminated pursuant to MCL 712A.19b(3)(a)(*ii*), MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), MCL 712A.19b(3)(j), and MCL 712A.19b(3)(k)(*i*). However, the minor child's father is not a party to his appeal, and does not have an appeal pending in this Court.

[2] That child was given up for adoption immediately after the birth.

was in full noncompliance with the treatment plan, and ultimately, a supplemental petition to terminate respondent's parental rights was filed.

A termination hearing was held on November 29, 2017, at which respondent and her foster care worker, Vanessa Hamilton, testified. Hamilton testified that respondent had failed to communicate with her and failed to comply with the conditions of the treatment plan. Respondent testified that, although she had failed to communicate with Hamilton, respondent had sought the treatment required of her at institutions other than those arranged by Hamilton and, as of October 1, 2017, was fully compliant with her treatment plan. The trial court noted respondent's failure to verify the treatments she claimed to have participated in, as well as Hamilton's testimony that respondent was noncompliant with treatment, and found that statutory grounds for termination of respondent's parental rights existed and termination was in the best interests of AAE. In its order terminating respondent's parental rights, the trial court stated:

> The court finds by clear and convincing evidence that there are statutory grounds to terminate the parental rights of [respondent] and the father. In addition, the court finds it in the best interest of [the minor child] to terminate her parents' parental rights. Please refer to the report and recommendation of the referee.

In the referee report and recommendation, the findings of which were incorporated by reference into the order terminating respondent's parental rights, it was indicated that statutory grounds for termination of respondent's parental rights existed under MCL 712A.19b(3)(a)(*ii*), MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), MCL 712A.19b(3)(j), and MCL 712A.19b(3)(k)(*i*).

On appeal, respondent only challenges the trial court's finding that there were statutory grounds to terminate her parental rights. She does not challenge the trial court's best interests determination. However, respondent only challenges termination of her parental rights under MCL 712A.19(b)(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). She does not challenge termination of her parental rights under MCL 712A.19b(3)(a)(*ii*) or MCL 712A.19b(3)(k)(*i*). "The failure to brief the merits of an allegation of error is deemed an abandonment of the issue." *In re JS & SM*, 231 Mich App 92, 98; 585 NW2d 326 (1998), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000) (stating that when a respondent does not dispute the trial court's finding of a statutory ground for termination, this Court may assume that the trial court did not clearly err in finding clear and convincing evidence that termination under the undisputed ground was proper). Respondent also omits these statutory grounds in her statement of the questions presented. As a result, appellate review of this issue may be deemed waived. *In re BKD*, 246 Mich App 212, 218; 631 NW2d 353 (2001). Further, because only one statutory ground for termination must be established by clear and convincing evidence, respondent's failure to challenge the trial court's finding with respect to MCL 712A.19b(3)(a)(*ii*) and MCL 712A.19b(3)(k)(*i*) precludes appellate relief with respect to her challenge to the statutory grounds. *In re JS & SM*, 231 Mich App at 98-99. Accordingly, we conclude that the trial court did not clearly err in finding statutory grounds to support termination of respondent's parental rights.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien